HEARD NOVEMBER TERM, 1874.

## BOYKIN *vs.* WATTS.

To render the evidence of a plaintiff incompetent under the proviso to Section 415 of the Code of Procedure, it is not necessary that the action should be against the defendant as executor. It is enough that it appears from the pleadings that he defends for the benefit of the estate of his testator, whose declarations the plaintiff is offered as a witness to prove.

The declarations of a deceased person in reference to a transaction between him and a party to the action cannot be proved by the party himself, although such declarations were made, not to the witness, but to some one else in his presence.

A non-suit may be ordered wherever there is a total failure of proof, or the evidence is insufficient to sustain the plaintiff's case.

BEFORE CARPENTER, J., AT EDGEFIELD, JUNE TERM, 1874.

This was an action by Isabella A. Boykin and Elizabeth Brown against John B. Watts.

The complaint alleged that the plaintiffs were possessed of two single bills drawn by B. W. Ball, payable to Richard Watts, deceased, of the value of $666.66 each, which the payee in his lifetime had given to the plaintiffs; and that the defendant wrongfully took said bills from their possession and unjustly detains the same, &c.; wherefore they demanded judgment for the recovery of the possession of said bills, or for $1,333.32, the value thereof, and interest.

The answer denied the possession of the plaintiffs and the alleged gift, and alleged that the bills were in the possession of the said Richard Watts and his property at the time of his death, and that defendant came into possession of them as the qualified executor of his will, and as such holds them.

The plaintiffs, to maintain the issues upon their part, and to establish their claim as a death bed gift, offered in evidence the written testimony of Mrs. Isabella A. Boykin, taken before the Clerk of the Court, in which she testified that Richard Watts died in the year 1870, on the 30th of May; that she and Mrs. Brown, the co-plaintiff, went, at his request, to attend on him in the second week of February, and attended on him from that time until his death; that Richard Watts was the father-in-law of witness and father of Mrs. Brown ; that he, on the 9th of May, gave witness and Mrs. Brown two notes on B. W. Ball, in the presence of the defendant and his wife and Mrs. Harriet Watts. Richard Watts said to witness and Mrs. Brown: "I will give you two notes on B. W. Ball." He then asked defendant to witness the gift, saying that he wished the defendant to understand that the gift of the notes were over and above his will, for

their kindness and attention. The defendant then said to his father: " I understand." Richard Watts then said to Mrs. Harriet Watts: " I give Bella and Bess the two notes on Ball, over and above my will," and he added would that he had five times as much to give us for what we had done for him. She then rose up, repeated his words, and said she understood him. This was in his last illness, and he had remarked " all of my family are present." Some days after this Richard Watts called Mrs. Harriet Watts, Miss Lou. Watts and Mrs. Boazman and said to them that he had given to witness and Mrs. Brown the two notes on B. W. Ball. Mrs. Boazman got up to leave; Major Watts asked her to sit down—that it was she he wished to mention the matter to. Major Watts said then to her: " The two notes which I held on B. W. Ball I have given to Bess and Bella." He said he wanted her to know that these notes were witness's and Mrs. Brown's and did not belong to his estate— it was over and above his will—and that he had thought of it for a long time. The notes were left by witness and Mrs. Brown in a leather pocketbook in the secretary, of which they kept the keys till a few days of his death. After the gift, Major Watts saw us frequently with the pocketbook. After his death, while the notes were being taken out, Mrs. Brown demanded the two notes, and said they were hers and mine. Mrs. Brown took up one of these notes and claimed them. J. B. Watts, the defendant, said he admitted the gift made by his father, but she would have a lively time getting them. The amount of these notes were $666.66 each. The witness being cross-examined, testified, among other things, that when Mrs. Boazman got up to leave, Major Watts said: " No, I want to state to you I have given to Bella and Bess the two notes I held on B. W. Ball, over and above my will."

The defendant objected to the testimony as to everything said by Richard Watts, the donor, and the Court held that it was inadmissible under Section 415 of the Code of Procedure. The plaintiffs excepted.

The plaintiffs then introduced in evidence the testimony of Mrs. Elizabeth Brown and Miss Lou. Watts, taken by commission.

Mrs. Brown testified that " Richard Watts was in his last illness, and expected to die. He assembled the members of his family, Isabella Boykin, myself and brother John B. Watts, around his bed, in the presence of Mrs. Matilda Boazman and Miss Lou. Watts, and said that he wished to give Isabella and myself, for our services,

over and above what was mentioned in his will, the two notes he held on B. W. Ball." The defendant objected to the testimony as to anything said by Richard Watts, the donor. The Court sustained the objection, and the plaintiffs excepted.

Miss Lou. Watts testified as follows: "I am acquainted with the plaintiffs and defendant in this case. I was acquainted with Major Richard Watts in his lifetime. He was my brother. I was present a short time previous to the decease of Major Richard Watts, at a conversation had between Major Watts and the plaintiffs, in relation to the gift to them of certain notes or single bills. He said the girls, Isabella and Bess, had done a great deal for him, and he wished them, at his death, to have two notes he held on B. W. Ball for about five hundred dollars each. The defendant, J. B. Watts, was present, and his father told him he wished the girls to have the two notes. I do not know in what manner the delivery of said notes or single bills was made, whether by the delivery of said notes themselves or the keys of the box or desk in which the said notes or single bills were."

*Cross-examined:* "I am seventy years old. I was present and heard brother Richard Watts call John B. Watts in the house and tell him that the girls, Bess and Bella, were to have the two notes on B. W. Ball."

The plaintiffs having no other witness, the defendant moved the Court for a non-suit, which, after argument of counsel, was granted.

The plaintiffs appealed on the grounds:

1. It is respectfully submitted that His Honor the Circuit Judge erred in ruling that the testimony of Isabella A. Boykin and Elizabeth Brown, as to anything said by Richard Watts, the donor, is not admissible in evidence:

First. Because the action is not against the defendant as executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor, but in his individual capacity as a wrong-doer.

Second. Because the parties to this action bear the same relation to the donor, Richard Watts, deceased; and the parties plaintiff are no more restricted in their testimony under Section 415 of the Code of Procedure than is the party defendant.

Third. Because the testimony stating the conversation had between the donor and defendant is admissible, and should have been received in evidence, it not being a conversation between donor and witnesses.

Fourth. Because the testimony in regard to the statements made by the donor to Mrs. Boazman and Mrs. Harriet Watts is admissible and should have been received in evidence, as they were not made to the witnesses, and therefore are not excluded by the terms of the proviso or exception in Section 415 of the Code of Procedure.

2. It is respectfully submitted that His Honor the Circuit Judge erred in ruling, that the evidence is not sufficient to be submitted to the jury for their consideration, because the admission by the defendant of the gift, as Mrs. Boykin testified, and the testimony of Miss Lou. Watts was sufficient evidence to go to the jury.

3. It is respectfully submitted that His Honor erred in granting an order of non-suit and overruling the motion for new trial, because it was contrary to law and the evidence.

*Magrath & Abney*, for appellants:

1. The policy of the law prior to the adoption of the Code of Procedure was that no witness should be excluded on account of interest in the event of the action.—A. A., 1866, 13 Stat., 377. The statute declaring that policy is still of force.—Rev. Stat., 514, § 17. The Code of Procedure recognizes and asserts the same policy.— §§ 414, 415.

2. The proviso contained in Section 415 is restrictive of this general policy, and restrictive of the general law declared by Section 414, and it must be strictly construed.— *Guerry* vs. *Kinsler*, S. C., 426.

3. The action is not against the estate of Richard Watts, and the defendant has never been made a party in a representative capacity; but he is a party to the action in his individual capacity.—See § 415, proviso.

4. If the defendant could testify in his own behalf, under the subjunctive clause of the proviso, then the plaintiffs certainly can in their behalf. If the defendant can in any way be considered in a representative capacity as to the two notes, then the plaintiffs are likewise. While he may be executor, they are donees or assignees.— See § 415, proviso, subjunctive clause; *Lee* vs. *Dill*, 41 N. Y., 619 N.; *Mattoon* vs. *Young*, 45 N. Y., 345.

5. The proviso excludes testimony as to the "transaction or communication" between witness and deceased only.—See § 415, proviso. "The exception does not exclude a party from testifying as to the particulars of a transaction which took place between the

deceased and a third person in the presence of the witness."—33 How. Pr. Rep., 347. "Or from testifying with regard to a conversation heard by him between the deceased and a third party."—Simmons vs. Sisson, 26 N. Y., 265. Therefore the testimony stating the conversation had between deceased and defendant and deceased and Mrs. Boazman and Mrs. Harriet Watts is admissible in evidence.

6. This proviso creates an exception to the general law. "The Legislature having undertaken to specify the exceptions, the Courts cannot allow any that are not specified by the Legislature."—Lobdell vs. Lobdell, 33 How. Pr. Rep., 372. "The Section is in restriction of a general right, and we are not at liberty to extend it beyond its clearly expressed design."—Guerry vs. Kinsler, 3 S. C., 426.

7. The defendant admitted the gift, and the testimony of Miss Lou. Watts shows that there was an intention to give, and her testimony also shows the consideration; and plaintiffs left the notes in the secretary of which they had the keys. This was sufficient evidence to warrant a verdict for plaintiffs.—Essweinn vs. Seigling, 2 Hill Ch., 601; Reid vs. Colcock, 7 N. & McC., 592; Fowler vs. Stuart, 1 McC., 504; Blake vs. Jones, Bail. Eq., 141.

8. "The practice of ordering a non-suit in invitum for defect of evidence is to be pursued with caution. If a plaintiff has any prima facie testimony, he has a right to the verdict of a jury upon it."—Rogers vs. Madden, Bail., 321.

Gary & Gary and Ball, contra:

The grounds of appeal in this case raise two questions:

1. That His Honor the presiding Judge erred in holding that Mrs. Boykin and and Mrs. Brown were incompetent witnesses.

2. That the testimony of Miss Lou. Watts was insufficient to carry the case to the jury.

Mrs. Boykin and Mrs. Brown were held incompetent under Section 415 of the Code of Procedure. That Section enacts that no party to the action who has a legal or equitable interest in the event of the suit, &c., shall be examined as to any transaction or communication between the witness and a deceased person, against a party defending as executor, administrator, heir at law, &c., of such deceased person.—Code, § 415.

Here the proposition was to examine the plaintiffs as to a transaction, the gift of certain notes to them by the defendant's testator.

They had an interest, to wit: Their interest grew out of an alleged conversation with a deceased party, and the defendant is resisting the claim as executor of this deceased party. There can be no doubt, then, that the ruling of His Honor was in accordance with this Section of the Code.

Had the defendant been examined, then the plaintiffs would have been competent; but defendant has not offered himself as a witness.—§ 415, Code.

The second point of plaintiffs raises the question of the sufficiency of Miss Lou. Watts' testimony to carry the case to the jury.

Whenever it appears that the evidence is insufficient to make out the plaintiff's case, or where there is total failure of proof for that purpose, it is the duty of the Judge to order a nonsuit whether the plaintiffs consent or not.—*Hopkins* vs. *De Grafenread*, 2 Bay, 441; *Brown* vs. *Frost*, 2 Bay, 126.

The plaintiffs' case turns upon the proof of a gift of the notes.

The evidence of Miss Lou. Watts totally fails to sustain a gift.

March 20, 1875.   The opinion of the Court was delivered by

WRIGHT, A. J.   It is contended, on the part of the appellants, that the objection to their competency as witnesses cannot prevail by reason of the proviso to Section 415 of the Code, because the respondent is not sued in his representative character as executor of Richard Watts, deceased.

The statute must be construed by the intent appearing on its face. Its purpose cannot be defeated by the mere form of the proceeding selected by a plaintiff, for if this were allowed its application would depend not on the real issue involved, but on the form of the action which plaintiff might please to select. If this were permitted, the operation of the proviso would be controlled by the mere will of the plaintiff. Its benefit may be claimed if the party is "prosecuting or defending the action as executor, administrator, heir at law, next of kin, assignee, legatee, &c."

Whether he is so defending must depend on the nature of the defense by which he seeks to resist the claim of the plaintiff, and must be determined by the issue raised through the pleadings.

Here the respondent (the defendant below) claims title to the notes, not in his own right, but as executor of Richard Watts, his

testator, to whom they were payable. The issue raised by the pleadings is, whether they of right belong to the plaintiffs or to the defendant as such executor? He asserts no title in himself individually, but as executor of Richard Watts, for the benefit of whose estate he is contesting the claim of the appellants. Suppose one sued who defends through a right vesting in him as an assignee. Is he deprived of the benefit, in terms extended to him by the proviso to the said Section, because the plaintiff in his complaint did not style him assignee, although his whole right and interest are derived from an assignment and depends on its validity? This ground of appeal cannot be sustained.

It is next objected that the Circuit Court erred in excluding the testimony of the appellants as to the declarations of Richard Watts to Mrs. Boazman and Mrs. Harriet Watts.

The appellants contend that as they were not made to them they are not within the terms of the said proviso. The "transaction" on which the testimony was to bear was one directly between the appellants and the deceased and the declarations made in their presence. It was in respect to the alleged gift; and though the declarations were made to third persons, they were, in the very language of the Code, "in regard to a transaction between such witnesses and a person at the time of the examination deceased."

The distinction contended for is against the obvious purpose and intent of the proviso, which is to exclude the evidence by a party interested in the event of the suit of any transaction or communication with a deceased by which such event may be determined in favor of such witness. If the testimony of the two witnesses, thus properly excluded, was considered by the appellants as important in their behalf, it is strange that they forebore to introduce Mrs. Boazman, who was present on one of the occasions referred to.

No such objection could have been urged against her competency. Nor does the brief disclose any relation to the case by Mrs. Harriet Watts, who was present at both the conversations of the deceased, which could have been successfully interposed to preclude her evidence. The testimony of Miss Lou. Watts, (who was also present at the time of the alleged declarations of the deceased to Mrs. Boazman and Mrs. Harriet Watts, and one of the persons with them called and addressed by the testator,) so far from sustaining the case made by appellants, entirely contradicts all notion of a present gift. and leaves the complaint without anything to rest upon.

It is not necessary to refer to authority to show that whenever it appears that the testimony is insufficient to make out the plaintiff's case, or there is a total failure of proof to sustain it, the proper course is to order a nonsuit.

The motion is dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.